THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
CELLECT LLC,                    )
                                )        Civil Action No. _____
        Plaintiff,              )
                                )
        v.                      )
                                )
ROGERS CORPORATION,             )
                                )
        Defendant.              )
_____)

**NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. § 1441**

Defendant Rogers Corporation (hereinafter "Rogers") hereby removes the

proceeding captioned as *Cellect LLC v. Rogers Corporation* from Superior Court, Suffolk

County, Massachusetts, Docket No. 07-4506-C, to the United States District Court for the

District of Massachusetts, all pursuant to 28 U.S.C. §§ 1441(a), (b), (c).  In support thereof,

Rogers avers the following:

1.      Rogers is a corporation organized under the laws of the Commonwealth of

Massachusetts, with a principal place of business at One Technology Drive, Rogers,

Connecticut.

2.      Cellect LLC is a Delaware Limited Liability Company, with its principal

headquarters at 12 New Street, Johnsville, NY, and a member a resident of Osterville,

Massachusetts.

3.      The state court action arises from a series of technology licenses and

agreements entered into by the parties.

4.  ›   In the Plaintiff's Revised First Amended Verified Complaint filed in the state court action, the Plaintiff Cellect alleged, *inter alia*, theft of a trade secret.  See accompanying Declaration of Michael D. Weisman, Esq. ("Weisman Dec."), Exhibit A, Revised First Amended Verified Complaint.

5.     On or about September 28, 2009, Rogers filed a Renewed Motion for Summary Judgment on the basis that the alleged theft of a trade secret was time barred under a general release executed between the parties on or about June 21, 2005.  See Exhibit B, Weisman Dec., Memorandum of Law in Support of Rogers's Renewed Motion for Summary Judgment filed on September 28, 2009.

6.     On or about October 14, 2009, the Plaintiff served Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.  Within the Memorandum of Law the Plaintiff asserted for the first time that its trade secret claim was based on the contention that Scott Smith, an Officer of Plaintiff Cellect, and/or Cellect, should have been named as an inventor to a series of patent applications filed after June 21, 2005. More specifically, Plaintiff alleged, again for the first time, that (1) on August 2, 2005, Rogers submitted a Declaration of Inventorship at the United States Patent and Trademark Office ("USPTO") and failed to name Cellect or Scott Smith as the inventor; and (2) on November 7, 2006, Rogers filed a separate and distinct patent application based on the August 2, 2005 submissions and again failed to name Cellect or Scott Smith as the inventor.  See Exhibit C, Weisman Dec., Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment filed on October 14, 2009.

7.     Plaintiff further contended in its Memorandum of Law:

> Had Rogers identified Cellect and/or Smith as the rightful inventor
> in the August 2 Declaration to the WIPO and in the US Application,

Cellect would arguably not have a misappropriation claim, because it would have been rightfully credited as the inventor with rights to the Cellect Technology. Under these facts, Rogers would not have "unlawfully taken" the technology with "intent to convert to [its] own use" as provided in M.G. L. c. 93, § 42. It was Roger's failure to identify Cellect as the inventor on August 2, 2005, and November 7, 2006, that gives rise to Cellect's misappropriation claims.

See Exhibit C at p. 11.

8.    28 U.S.C. § 1441(a) provides that:

[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9.    28 U.S.C. § 1441(b) provides that:

[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

10.    28 U.S.C. § 1441(c) provides that:

[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

11.    28 U.S.C. § 1445 (b) provides that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be

served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, <u>a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Emphasis added.)

12.    28 U.S.C. § 1338 (a), provides:

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

13.    Plaintiff's claim that Cellect and/or Scott Smith should have been named as a rightful inventor of the patent applications at issue is a claim that arises under Federal Patent Law. See <u>Saint-Gobain Ceramics & Plastics, Inc. v. Wang</u>, 2008 WL 2756873 at *3 (D. Mass. June 27, 2008) ("This statute [35 U.S.C. § 256] explicitly contemplates a role for the federal courts in hearing inventorship disputes concerning issued patents.").

14.    Based on the foregoing, Rogers hereby removes this action to the United States District Court for the District of Massachusetts, all pursuant to 28 U.S.C. §§ 1441(a), (b), (c).

15.    Rogers avers that it has caused a copy of this Notice of Removal and the Weisman Dec. to be filed with the Clerk of the Court of Superior Court, Suffolk County, Massachusetts, all as required by 28 U.S.C. § 1446(d).

16.    In removing this case, Rogers expressly reserves its right to assert all claims and defenses available to it. Rogers further denies any liability and reserves the right to assert counterclaims.

WHEREFORE, Rogers hereby removes this action to the United States District

Court for the District of Massachusetts, all pursuant to 28 U.S.C. §§ 1441(a), (b), (c).

Dated: November 6, 2009

By: /s/ Michael D. Weisman
Michael D. Weisman, BBO #521000
Rebecca P. McIntyre, BBO #547402
WEISMAN & McINTYRE,
  *a Professional Corporation*
99 Summer Street, Suite 2010
Boston, MA 02110
mweisman@wmtrial.com
bmcintyre@wmtrial.com
(617) 720-2727

Attorneys for Defendant Rogers Corporation

## CERTIFICATE OF SERVICE

I, Michael D. Weisman, counsel to Defendant Rogers Corporation, hereby certify that, on the 6th day November, 2009, I served a copy of the foregoing document upon the attorney of record for each party, and upon the Clerk of Court for Superior Court, Suffolk County, Massachusetts, via first class mail, postage prepaid.

/s/ Michael D. Weisman
Michael D. Weisman